UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LINDA A. NASH,**

        **Plaintiff,**

v.                               Case No:   6:20-cv-1696-Orl-37GJK

**BANK OF AMERICA, N.A.,**

        **Defendant.**

---

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** BANK OF AMERICA, N.A.'S MOTION TO VACATE FRAUDULENT ARBITRATION AWARD AND REQUEST FOR SANCTIONS, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 33)
>
> **FILED:** October 8, 2020
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND.**

On November 7, 2011, Defendant, through a predecessor in interest, filed a mortgage foreclosure complaint against Plaintiff and Richard Annette in the

Eighteenth Judicial Circuit Court in and for Seminole County. Doc. No. 33 at 1. On October 20, 2014, the trial court entered a final judgment in favor of Plaintiff. *Id.* at 2. On May 6, 2016, Florida's Fifth District Court of Appeal reversed the judgment and the subsequent trial court judgment awarding Plaintiff attorney's fees and costs, and remanded with instructions to enter judgment for Defendant. *Id.* The case is currently back before the Eighteenth Circuit Court, pending resolution of Defendant's motion to reset the judicial sale.[1]  *Id.* at 4-5.

On August 11, 2020, Plaintiff, appearing pro se, filed a "Petition for Confirmation of Arbitration Award" (the "Petition") in the Eighteenth Circuit Court. Doc. No. 1-1. Plaintiff asks the court, "pursuant to the Federal Arbitration Act, 9 USC Section 9, for an order confirming the arbitration award dated October 17, 2019 . . . ." *Id.* at 1. Plaintiff alleges that Defendant offered her a modification to an existing lien, which she accepted. *Id.* Attached to the Petition is the purported arbitration award (the "Arbitration Award"), which is dated October 17, 2019, and awards Plaintiff $285,000 against Defendant and another entity. *Id.* at 7-41. The Arbitration Award was issued by "HMP Arbitration Association." *Id.* On September 16, 2020, Defendant removed the Petition to this Court. Doc. No. 1.

---

[1] Defendant's petition for writ of prohibition with the Fifth District Court of Appeal asking that the Eighteenth Circuit Court terminate the litigation and set the sale date was denied on October 15, 2020, Doc. No. 41-1 at 2, and Defendant's motion for rehearing was denied on November 18, 2020.

On October 8, 2020, Defendant filed a motion to vacate the arbitration award, or in the alternative, to dismiss the complaint with prejudice, and for sanctions (the "Motion"). Doc. No. 33. On November 3, 2020, Plaintiff filed a response to the Motion. Doc. No. 41. On November 17, 2020, Defendant, with the Court's permission, filed a reply to the response. Doc. Nos. 49, 51.

## II. STANDARD OF REVIEW.

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015). Thus, the Court must "give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). To that end, the FAA provides only four narrow bases for vacating an arbitration award, and only three narrow bases for modifying an arbitration award. 9 U.S.C. §§ 10(a), 11; *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011) ("Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10, 11, provide the exclusive means by which a federal court may upset an arbitration panel's award."). The party seeking to vacate or modify an arbitration award bears the burden of asserting sufficient grounds for the court to do so. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000).

## III. <u>ANALYSIS</u>.

Defendant seeks to vacate the Arbitration Award or dismiss this case because it never consented to arbitration, it received no notice of the arbitration and did not participate in it, and it contends that the Arbitration Award was obtained through fraudulent and improper means. Doc. No. 33. In support of the Motion, Defendant submitted the affidavit of Stephanie A. Saporita, its employee. Doc. No. 34-1. In the affidavit, Saporita states that Defendant does not have a record of receiving notice of the arbitration proceedings and "is not a party to any written contract with Plaintiff under which it agreed to arbitration." *Id.* at ¶¶ 5, 6.

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960); *Dasher v. RBC Bank (USA)*, 882 F.3d 1017, 1022 (11th Cir. 2018) ("[P]arties cannot be required to arbitrate a matter unless they have agreed to arbitration."). In affirming the district court's order vacating an arbitration award issued by Healing My People Arbitration Association, the Third Circuit held that the award was properly vacated under 9 U.S.C. § 10(a)(4). *Transcon. Gas Pipe Line Co LLC v. Permanent Easement for 2.59 Acres, Temp. Easements for 5.45 Acres & Temp. Access Easement for 2.12 Acres in Pine Grove Twp., Schuylkill Cty., PA, Tax Parcel No. 21-04-0016.000 361, Chapel Drive, Pine Grove, Pine Grove Twp., Schuylkill Cty. PA*, No. 19-2738, 2020 WL 6306019, at *6-7 (3d Cir. Oct. 28, 2020). That section

of the FAA provides that an arbitration award may be vacated when the arbitrators exceed their powers. 9 U.S.C. § 10(a)(4). Because there was no agreement between the parties to arbitrate, the arbitrator was without the power to act. *Transcon. Gas Pipe Line Co LLC*, No. 19-2738, 2020 WL 6306019, at *6-7. *See also Swanson v. Wilford, Geske, & Cook*, No. 19-CV-117 (DWF/LIB), 2019 WL 4575826, at *6 (D. Minn. Aug. 30, 2019), *report and recommendation adopted*, No. CV 19-117 (DWF/LIB), 2019 WL 4573252 (D. Minn. Sept. 20, 2019) (granting motion to vacate arbitration award issued by HMP Dispute Resolution Arbitration because there was no evidence of an agreement to arbitrate between the parties); *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2019 WL 6841741, at *5 (D. Ariz. Dec. 16, 2019) (vacating arbitration award issued by HMP Dispute Resolution under 9 U.S.C. § 10(a)(4) because there was no agreement to arbitrate).

Here, Defendant moves to vacate the arbitration award or dismiss this action because it did not agree to arbitrate. Plaintiff presented no evidence of an agreement with Defendant to arbitrate. Because there was no agreement between Plaintiff and Defendant to arbitrate, it is recommended that the Motion be granted.

Plaintiff argues that the Motion should be denied because it was untimely. Doc. No. 41 at 2. Plaintiff contends that the Court miscalculated the extension of time in giving Defendant until October 8, 2020, to file the Motion. *Id.* On October 13, 2020, the Court denied Plaintiff's motion for reconsideration of the Order

granting the extension of time, which raised this same argument. Doc. No. 35. The Motion was therefore timely filed on October 8, 2020, in accordance with the Court's Order. Doc. No. 33.

Plaintiff also argues that the Motion is precluded by 9 U.S.C § 12, which states the following: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Plaintiff argues that she sent the Arbitration Award to Defendant on October 17, 2019. Doc. No. 41 at 4.

Defendant submitted the affidavit of its employee swearing that it has no record of receiving notice of the arbitration proceedings. Doc. No. 34-1 at ¶ 5. Plaintiff states that "[p]roof of service was filed with the original Petition . . . ." Doc. No. 41 at 4. Attached as Exhibit D to the Petition is a printout from USPS Tracking stating that a package was delivered in Simi Valley, California. Doc. No. 1-1 at 7. The exhibit does not contain an address for where in Simi Valley the package was delivered. Neither the Petition nor Plaintiff's response to the Motion are verified. Doc. Nos. 1-1, 41. As Defendant presented a sworn affidavit that it has no record of receiving notice of the arbitration proceedings, and Plaintiff met that with an unsworn allegation of when she mailed the Arbitration Award, Plaintiff fails to demonstrate that the Motion is untimely under 9 U.S.C. § 12.

In the Motion, Defendant asks that the Court "impose [Federal] Rule [of Civil Procedure] 11 sanctions against Plaintiff . . . ." Doc. No. 33 at 14. Rule 11 contains a safe harbor provision which must be complied with prior to a party filing a motion for Rule 11 sanctions. Fed. R. Civ. P. 11(c)(2). The safe harbor provision requires a party to formally serve the offending party with a copy of the proposed motion for sanctions at least twenty-one days prior to filing the motion for sanctions with the court. Fed. R. Civ. P. 11(c)(2). The purpose of the safe harbor provision is to allow the party against whom sanctions are sought to withdraw the challenged documents. *See* 5A Wright & Miller, Federal Practice and Procedure, § 1337.2 (2010). "If corrective action is taken, the question of sanctions becomes moot." *Id.* After the expiration of twenty-one days, if corrective action is not taken, the party seeking sanctions may file the motion. *See* Fed. R. Civ. P. 11(c)(2).

Because Defendant's request for sanctions is brought exclusively under Rule 11, but Defendant did not file a separate motion for sanctions or present evidence that it complied with Rule 11's safe harbor provision, it is recommended that the request for sanctions be denied. *See Leeks v. GeoPoint Surveying, Inc.*, No. 8:19-CV-562-T-30AAS, 2020 WL 3316002, at *3 (M.D. Fla. June 18, 2020) (denying request for Rul1 11 sanctions because, among other reasons, the movant did not serve the motion on the opposing party twenty-one days before filing it); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436237, at *1 (S.D. Fla. Nov. 8, 2018)

(denying motion for Rule 11 sanctions where movants failed to state that they complied with the safe harbor provisions).

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 33) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Arbitration Award be vacated or, in the alternative, that the Petition be dismissed; and

2. In all other respects, that the Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on December 1, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party