UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA A NASH,

    Plaintiff,

v.                                       Case No. 6:20-cv-1696-Orl-37GJK

BANK OF AMERICA, N.A.,

    Defendants.

## ORDER

Before the Court is Defendant's Motion to Vacate the Fraudulent Arbitration Award and Request for Sanctions, or in the Alternative Motion to Dismiss. (Doc. 33 ("**Motion**")). On referral, U.S. Magistrate Judge Gregory J. Kelly recommends the Motion be granted in part—vacate the arbitration award or dismiss Plaintiff's petition. (Doc. 57 ("**R&R**").) Plaintiff, proceeding *pro se*, objects to the R&R (Doc. 60 ("**Objections**")) and Defendant responded (Doc. 61). On review, the Court overrules the Objections, adopts the R&R in part, and dismisses the petition with prejudice.

### I.     BACKGROUND

On November 7, 2011, Defendant filed a mortgage foreclosure complaint against Plaintiff in the Eighteenth Judicial Circuit for Seminole County. (Doc. 33, p. 1); *see also Bank of America, N.A. v. Nash*, No. 2011CA004389 (Cir. Ct. Seminole Cnty. 2011). After a judgment, appeal, remand, and more motion practice the case remains pending. (Doc. 33, pp. 3–5.)

Not content to await resolution, Plaintiff filed a Petition for Confirmation of Arbitration Award ("**Petition**") with the state court in August 2020. (Doc. 1-1.) Plaintiff claimed the HMP Arbitration Association awarded her $285,000 ("**Award**") against Defendant and another entity in binding arbitration—and she asked the state court to confirm the award. (*Id.*) Defendant removed the Petition here. (Doc. 1.)

Defendant now seeks to vacate the Award or dismiss the Petition because it didn't consent to arbitration, receive notice of it, or participate in it, and because the Award is fraudulent and improper. (Doc. 33.) Defendant also asks the Court impose sanctions against Plaintiff. (*Id*. at 13–14.) Plaintiff responded and Defendant replied. (Docs. 41, 51.)

On referral, Judge Kelly recommends vacating the Award or dismissing the Petition. (Doc. 57.) He found there was no agreement to arbitrate so the arbitrator was without the power to act; the Motion was timely-filed in compliance with this Court's orders; and the Motion is not time-barred by 9 U.S.C. § 12. (*Id*. at 4–6.) But Judge Kelly recommends denying Defendant's request for sanctions as the request did not comply with Rule 11's safe harbor provision and Defendant did not file a separate motion requesting sanctions. (*Id*. at 7–8.)

Plaintiff objects to the R&R. (Doc. 60.) Briefing complete, the matter is ripe. (Doc. 61.)

## II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is

made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III.   ANALYSIS

Plaintiff first argues Judge Kelly erred when he found "Plaintiff presented no evidence of an agreement with Defendant to arbitrate" because "Defendant consented to the arbitration by not responding to the Notice of Arbitration." (Doc. 60, p. 6; *see also* Doc. 57, p. 5.) Not so. The notice of arbitration upon which Plaintiff relies states "You [Defendant] have 3 days for your response or I will assume you agree to our Binding Contract as presented?" (Doc. 60-3, p. 2.) Even assuming Defendant received this notice, Plaintiff's "offer" of binding arbitration "cannot be turned into an agreement because the person to whom it is . . . sent makes no reply, even though the offer states that silence will be taken as consent, for the offerer cannot prescribe conditions of rejection so as to turn silence on the part of the offeree into acceptance." *W. Const., Inc. v. Fla. Blacktop, Inc.*, 88 So. 3d 301, 304–05 (Fla. 4th DCA 2012) (cleaned up); *see also Kendel v. Pontious*, 261 So. 2d 167, 170 (Fla. 1972). As the Petition and attached documents show as a matter of law

Defendant never accepted Plaintiff's arbitration proposal, Judge Kelly was correct in finding no agreement to arbitrate. (Doc. 57, p. 5; *see also* Doc. 1-1.) Plaintiff's objection is overruled.

Plaintiff next objects it was Defendant, not her, who first offered to modify her existing mortgage lien. (Doc. 60, pp. 6–9.) But this argument is irrelevant to the question of whether there was an agreement to arbitrate. As the R&R was not discussing the merits of Plaintiff's underlying state court case but whether the Award was valid, this objection is overruled. (*See* Docs. 33, 57.)

Finally, Plaintiff argues the Motion is untimely under 9 U.S.C. § 12, which requires a motion to vacate an arbitration award be filed within three months after the award is filed or delivered. (Doc. 60, pp. 9–11.) In support, Plaintiff now attaches an affidavit where she swears she delivered a copy of the Award to Defendant in 2019. (Doc. 60, pp. 9–10; Doc. 60-8.) Plaintiff's averment does not save her Petition.

In the R&R, Judge Kelly declined to decide whether to vacate the Award *or* dismiss the Petition. (*See* Doc. 57, p. 8.) On review of the evidence, dismissal is the appropriate route—so Plaintiff's objections regarding the timeliness of the vacature Motion are moot. (*See* Doc. 60, pp. 9–11; Doc. 60-8.) "[A]rbitration is a creature of contract." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011). Parties "must agree to arbitrate in the first instance" and an arbitrator's powers is derived from this agreement. *See id.* Here, the parties had no agreement, the supposed "arbitrators"—no power. Instead, Plaintiff unilaterally decided to attend a virtual session with self-proclaimed arbitrators who

helpfully generated a report in her favor. (*See* Doc. 1-1, pp. 6–41.) Defendant did not participate in Plaintiff's venture, which she undertook without Defendant's either explicit or tacit agreement. (*See id.*; *see also* Doc. 34-1, ¶¶ 5–8.) Whatever Plaintiff attended, it was not an arbitration. *See Arbitration*, Black's Law Dictionary (11th ed. 2019); *United Steelworkers Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). As Defendant never agreed to submit the issue to arbitration, there was no arbitration nor was there a bona fide arbitration award. *See United Steelworkers Am.*, 362 U.S. at 582. So the Court affirms the R&R's finding and dismisses Plaintiff's Petition for failure to state a claim, as even from the face of the Petition and attached documents it is clear there was never an agreement to arbitrate or an arbitration award. (*See* Doc. 1-1.) And because Plaintiff has already provided all relevant documents with her Petition, clearly showing there was no arbitration, any amendment would be futile—so the dismissal is with prejudice. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

Finally, neither party objected to the sanctions portion of the R&R and the time for doing so has passed. Absent objection, the Court has examined this portion of the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court adopts the R&R in its entirety.

## IV.  CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Plaintiff's Response and Objections to Magistrate's Report and Recommendation (Doc. 60) are **OVERRULED.**

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 57) is **ADOPTED IN PART AND REJECTED IN PART**, consistent with this Order.

3. Defendant Bank of America, N.A.'s Motion to Vacate Fraudulent Arbitration Award and Request for Sanctions, Or in the Alternative, Motion to Dismiss Complaint With Prejudice for Failure to State a Claim (Doc. 33) is **GRANTED IN PART AND DENIED IN PART:**

    a. Plaintiff's Petition for Confirmation of Arbitration Award (Doc. 1-1) is **DISMISSED WITH PREJUDICE;**

    b. In all other respects, the Motion is **DENIED.**

4. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 29, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro Se* Party
Counsel of Record